**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISON**

| | | |
|---|---|---|
| LUIS A. AGUILAR, an individual, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, | ) ) ) | |
| | ) | Case No. 1:18-cv-4132 |
| Plaintiff, | ) ) | |
| | ) | |
| v. | ) | |
| | ) | |
| AUSTEN CONSTRUCTION, LLC, an Illinois limited liability company d/b/a AUSTEN FIBER CONSTRUCTION, LLC, and TIMOTHY YOUKER, an individual, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**COLLECTIVE ACTION COMPLAINT**

The Plaintiff, Luis A. Aguilar ("Plaintiff" or "Aguilar"), on behalf of himself and all other Plaintiffs similarly situated, known and unknown, by and through his attorneys, Timothy M. Nolan and Samuel D. Engelson of the Nolan Law Office, complains against Defendants, Austen Construction, LLC, ("Austen Construction") and Timothy Youker, ("Youker") (collectively, the "Defendants"), as follows:

**NATURE OF THE SUIT**

1.     This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201, *et seq.*, and the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1, *et seq.*, for Defendants' failure to pay Plaintiff, and other similarly situated employees, their overtime pay. Plaintiff and other similarly situated employees are current and former fiber cable installers for Defendants' fiber cable installation and construction business.

2.     Plaintiff brings this case as a collective action under 29 U.S.C. § 216(b). Plaintiff's consent form to act as the representative party in the collective action is attached as

Exhibit A. (See Exh. A.)

**JURISDICTION AND VENUE**

3.      This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. §

216(b) and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's state law

claims pursuant to 28 U.S.C. § 1367.

4.      Venue is proper in this judicial district pursuant to 28 U.S.C. 1391(b), because the

facts and events giving rise to Plaintiff's claims occurred in this judicial district.

**THE PARTIES**

5.      Plaintiff was employed by Defendant, Austen Construction, as a fiber cable

installer from approximately March, 2016 through May 4, 2018.

6.      During the course of his employment with Defendants, Plaintiff used and handled

goods and materials which moved in interstate commerce prior to being used or purchased in

Illinois.

7.      Plaintiff resides in and is domiciled in this judicial district

8.      Defendant Austen Construction, LLC is an Illinois limited liability corporation

that operates a residential and commercial construction and fiber cable installation business and

conducts business under the name, Austen Fiber Construction, LLC.

9.      Upon information and belief, Defendant Austen Construction earned more than

$500,000 in annual gross revenue during 2016, 2017 and 2018.

10.     Defendant Austen Construction is registered in Illinois as a limited liability

company and its manager, registered agent and principal office are located within this judicial

district.

11.     Upon information and belief, Defendant Youker is an owner and managing

member of Defendant Austen Construction.

12. At all times relevant to this action, Defendant Youker possessed extensive oversight over the Austen Construction business and operations. Defendant Youker was the ultimate decision-maker with respect to Defendants' payroll and wage and hour practices; he possessed authority to hire and fire Defendants' employees; he supervised and controlled employee work schedules or conditions of employment; he determined rate and method of payment; and, he maintained employment records.

**COMMON ALLEGATIONS**

13. From early March, 2016 through May 4, 2018, except for a nine (9) week gap between December, 2016 and January, 2017 when Plaintiff did not work, Plaintiff Aguilar regularly worked at Defendants' fiber cable installation and construction company six (6) days a week. On Monday through Friday, Plaintiff typically worked from 8:00 a.m. to at least 7:00 p.m. and frequently as late as 10:00 p.m. On Saturday, he typically worked from 7:00 a.m. to at least 4:00 p.m. and as late as 8:00 p.m. Plaintiff occasionally worked fewer hours over winter weeks. Plaintiff typically did not work on Sunday.

14. Based on his schedule, Plaintiff regularly worked in excess of sixty (60) hours in individual workweeks from March, 2016 through May 4, 2018, excluding December, 2016 through January, 2017.

15. Defendants paid Plaintiff on an hourly basis with the following rates: $16.00 per hour during the period from March, 2016 to December, 2016; and, $17.00 per hour during the period from January, 2017 through May, 2018.

16. Defendants did not compensate Plaintiff, and other non-exempt fiber cable installers, at one and one-half times their regular hourly rate of pay for hours worked in excess of

3

forty (40) in individual work weeks.

17.     Defendants never paid Plaintiff an overtime premium for hours worked on Fridays and Saturdays which were in excess of forty (40) hours in a workweek

18.     In order to conceal their failure to pay overtime compensation, Defendants paid Plaintiff a payroll check for approximately the first forty (40) hours worked Monday through Thursday and paid Plaintiff with a non-payroll company check for additional overtime hours in excess of forty (40) which Plaintiff worked on Friday and Saturday at his straight time regular rate of pay.

19.     Defendants paid Plaintiff's overtime compensable hours which he worked on Friday and Saturday at his straight time regular rate of pay.

20.     Defendants further concealed their failure to pay overtime compensation by instructing Plaintiff, and similarly situated fiber cable installers, to complete two separate timesheets per workweek – one to record the first approximately forty (40) hours worked Monday through Thursday and another for hours worked Friday and Saturday.

21.     In violation of the statutes and implementing regulations of the FLSA and IMWL, 29 C.F.R. § 516, 820 ILCS § 105/8, and Ill. Adm. Code 210.700, Defendants failed to create, maintain, and preserve complete and accurate payroll records for Plaintiff and other non-exempt employees.

22.     Upon information and belief, Defendants failed to post, and keep posted, FLSA and IMWL notices pursuant to 29 C.F.R. § 516.4 and 820 ILCS § 105/9.

**COLLECTIVE ACTION ALLEGATIONS**

23.     Plaintiff brings his FLSA claim as a collective action on behalf of himself and all other similarly situated fiber cable installers that worked for Defendants during the last three

4

years before the filing of this suit.

24.     During the last three years before the filing of this suit, Plaintiff, and all other similarly situated fiber cable installers have had substantially similar job descriptions, job requirements, and pay rates.

25.     Plaintiff and other similarly situated fiber cable installers worked more than forty (40) hours in individual workweeks and were not compensated at a rate of one and one-half times their regular hourly rates of pay.

26.     Plaintiff and the other similarly situated employees were subject to Defendants' common policy and plan to violate the FLSA by willfully refusing to pay overtime compensation to fiber cable installers.

27.     During the last three years before the filing of this suit, Defendants had a common policy and practice of paying fiber cable installers at their straight-time rates of pay.

28.     Defendants failed to pay Plaintiff, and other similarly situated fiber cable installers, at one and one-half times their regular hourly rates of pay when they worked more than forty (40) hours in an individual workweek.

29.     Plaintiff's claims are substantially similar to the other similarly situated employees based on Defendants' common policy and plan to violate the FLSA maximum hour provisions.

30.     Defendants knew or should have known that their illegal wage and hour practices violated the FLSA.

31.     There are numerous similarly situated fiber cable installers who worked for Defendants' fiber cable installation and construction business who would benefit from the Court authorizing issuance of notice of this lawsuit so that these employees may opt-in to this lawsuit.

32.     The similarly situated fiber cable installers are known to the Defendants and are identifiable in Defendants' timekeeping, payroll, and other records.

## COUNT I
## Violation of the Fair Labor Standards Act – Overtime Wages

33.     Plaintiff hereby incorporates paragraphs 1 through 32 as though stated herein.

34.     Throughout his employment with Defendants, Plaintiff was an "employee" of the Defendants as defined in the FLSA, 29 U.S.C. § 203(e)(1).

35.     Plaintiff was not exempt from the overtime wage provisions of the FLSA, 29 U.S.C. § 207, 213.

36.     Throughout Plaintiff's employment, Defendants were each an "employer" as defined in the FLSA, 29 U.S.C. § 203(d).

37.     Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiff worked more than forty (40) hours, Defendants were obligated to pay him at a rate of one and one-half times his regular hourly rates of pay for all hours worked over forty (40) in a workweek.

38.     Defendants' failure and refusal to pay overtime wages for hours worked in excess of forty (40) per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

39.     Defendants' violation of the Fair Labor Standards Act by refusing to pay Plaintiff's overtime wages was willful and not in good faith. Defendants attempted to conceal their overtime violations by issuing Plaintiff a payroll check for approximately the first forty (40) hours worked Monday through Thursday and paying Plaintiff with a non-payroll company check for additional overtime hours in excess of forty (40) which Plaintiff worked on Friday and Saturday at his straight time regular rate of pay.

40.     In a further attempt to conceal their overtime violations, Defendants instructed Plaintiff to complete two separate timesheets per workweek – one to record approximately the

first forty (40) hours worked Monday through Thursday and another to record additional overtime hours in excess of forty (40) worked Friday and Saturday. Upon information and belief, Defendants' non-payroll company check payments were not reported to the appropriate federal and state tax and revenue agencies.

**WHEREFORE**, the Plaintiff, Luis A. Aguilar, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, prays for a judgment against Defendants, Austen Construction, LLC d/b/a Austen Fiber Construction, LLC and Timothy Youker, as follows:

A.  Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rates of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

B.  Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C.  Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D.  Such other and further relief as this Court deems appropriate and just.

## COUNT II
## Violation of the Illinois Minimum Wage Law – Overtime Wages

41.  Plaintiff hereby incorporate paragraphs 1 through 32 as though stated herein.

42.  Throughout his employment with Defendants, Plaintiff was an "employee" under the IMWL, 820 ILCS § 105/3(d).

43.  Plaintiff was not exempt from the overtime wage provisions of the IMWL, 820 ILCS § 105/1 *et seq*.

44.  Throughout Plaintiff's employment, Defendants were each an "employer" as defined in the IMWL, 820 ILCS § 105/3(c).

45.     Pursuant to 820 ILCS § 105/4(a), for all weeks during which Plaintiff worked more than forty (40) hours, he was entitled to be compensated at a rate of one and one-half times his regular hourly rate of pay.

46.     Defendants' failure and refusal to pay overtime wages for hours worked in excess of forty (40) per week was a violation of the maximum hour provisions of the IMWL, 820 ILCS § 105/4(a).

**WHEREFORE**, the Plaintiff, Luis A. Aguilar, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, prays for a judgment against Defendants, Austen Construction, LLC D/B/A Austen Fiber Construction, LLC and Timothy Youker, as follows:

A.     Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rates of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

B.     Statutory interest damages in the amount of two percent (2%) per month of the amount of underpayments;

C.     Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D.     Such other and further relief as this Court deems appropriate and just.

Dated: June 13, 2018                    Respectfully submitted,
                                        Luis A. Aguilar, on behalf of himself and all
                                        other Plaintiffs similarly situated, known
                                        and unknown,
                                        Plaintiff


                                        /s/ Timothy M. Nolan
                                        _____
                                        One of the Attorneys for Plaintiff

Timothy M. Nolan (No. 6194416)
Samuel D. Engelson (No. 6326863)
NOLAN LAW OFFICE
53 W. Jackson Blvd., Ste. 1137
Chicago, IL 60604
Tel (312) 322-1100
Fax (312) 322-1106
tnolan@nolanwagelaw.com
sengelson@nolanwagelaw.com